IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ABLE CARTAGE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 1-04-1039-T-An |
| | ) |
| STRATEGIC OUTSOURCING, INC., | ) |
| | ) |
| Defendant. | ) |

ORDER REQUIRING DEFENDANT TO FILE A SUPPLEMENTAL BRIEF

Plaintiff Able Cartage, Inc. ("Able") brought this action against Defendant Strategic Outsourcing, Inc. ("SOI") in the Chancery Court of Gibson County, Tennessee, alleging breach of contract for failing to pay a workers' compensation claim. Plaintiff seeks a declaratory judgment on the issues of breach of contract and the whether the claim is covered under Tennessee's workers' compensation laws. The action was removed to this court pursuant to 28 U.S.C. § 1441.[1] Both parties have filed motions for summary judgment. Plaintiff's motion for summary judgment argues, in part, that Ronnie Fultz, the individual injured and the subject of the workers' compensation claim, was an employee of SOI. As a result, Able contends that SOI is responsible for providing workers' compensation to

---

[1] The parties are also involved in a suit pending in the United States District Court for the Western Division of North Carolina, Charlotte Division. Defendant sought a declaratory judgment declaring that it was not obligated to pay for any workers' compensation benefits.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on 07-11-05

Fultz. However, in its response to Able's motion for summary judgment, SOI noted that "the case at bar is a contract case, not a workers' compensation case. Issues related to workers' compensation are the subject of litigation in another forum. As a result, Fultz's employment status is not at issue before this Court." SOI's Response to Able Cartage's Motion for Summary Judgment, at 2 n.1. The court disagrees. Clearly Plaintiff has put the issue of workers' compensation before the court because it seeks a declaratory judgment as to SOI's responsibility to pay for Fultz's injuries under Tennessee's workers' compensation laws and it has argued that it is entitled to summary judgment on that issue. Consequently, Defendant has twenty (20) days to file a supplemental brief on the issue of workers' compensation coverage. Plaintiff is allowed twenty (20) days to respond.

IT IS SO ORDERED.

JAMES D. TODD
UNITED STATES DISTRICT JUDGE

8 July 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 1:04-CV-01039 was distributed by fax, mail, or direct printing on July 11, 2005 to the parties listed.

---

Thomas I. Carlton
CORNELIUS & COLLINS
511 Union Street
Ste. 1500
Nashville, TN 37219--069

William B. Mauldin
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Blakely D. Matthews
CORNELIUS & COLLINS, LLP
511 Union St., Ste. 1500
P.O. Box 190695
Nashville, TN 37219--069

Ben M. Rose
CORNELIUS & COLLINS
511 Union Street
Ste. 1500
Nashville, TN 37219--069

Donald D. Glenn
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT